

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

Honorable Adam R. Johnson
Executive Director
State Department of Public Welfare
Austin, Texas

Honorable Orville S. Carpenter
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Gentlemen:

Opinion No. O-1752
Re: May a Joint Merit System
Council be established by
the Executive Directors of
the State Department of
Public Welfare and Texas
Unemployment Compensation
Commission?

We received your letter of December 1, 1939, in which you request our opinion on the following question:

"Do we have authority under the laws creating these agencies and the general laws of the State of Texas to establish by regulation such a Joint Merit System Council as that contemplated by the minimum standards of the Social Security Board; or, in the absence of any specific statutory authorization, is there any prohibition against such joint action by us?"

You advise that the Federal Security Agency has adopted minimum standards for a merit system of personnel administration and enclose a copy of the minimum standards for a merit system in these agencies. A perusal of the minimum standards set out in the folder discloses that in the absence of a State civil service system there will be established a merit system admin-istered by an impartial body referred to as the Merit System Council, the members of which are to be appointed by the administrative agencies or by the Governor on recommendation of the administrative agencies, for stated overlapping terms, and no member of which is otherwise employed as an official or employee of any of the State agencies affected. Briefly stated, the minimum standards provide for a complete merit system or civil service plan to be administered by the Merit System Council. Among other requirements, the Council

is to appoint a merit system supervisor to conduct written examinations given to applicants, and establish registers of eligibles. All positions not specifically exempted are to be filled from a register of eligibles which will include a limited number of the highest available eligibles. Further, the eligibility of an employee for promotion will be determined on recommendation of the agency and certification by the merit system supervisor that the employee meets the minimum requirements and is qualified for promotion to the class of position in question.

A scrutiny of the statutes reveals that the selection of employees for the State Department of Public Welfare has been vested in the executive director and the members of the board. Section 4 of Article 695c, Revised Civil Statutes of Texas, reads:

"The Executive Director shall be the executive and administrative officer of the State Department. The Executive Director, with the consent and approval of a majority of the members of the Board shall:

"a. Classify all positions in the administration of this Act;

"b. Fix objective standards for all positions included in the classifications;

"c. Formulate salary schedules for the services so classified, subject to biennial appropriations;

"d. Provide for a fair and impartial selection, appointment, retention and promotion of personnel in accordance with the classification and compensation plans therein before provided."

The authority to appoint employees for the Texas Unemployment Compensation Commission rests with the Commission. Article 5221-b-9, Subdivision (d), Revised Civil Statutes, provides as follows:

"Personnel: Subject to other provisions of this Act, the Commission is authorized to appoint, fix the compensation, and prescribe the duties and powers of such officers, accountants, attorneys, experts, and other persons as may be necessary in the performance of its duties. The Commission shall not employe or pay any person who is an officer or committee member of any political party organization. The Commission may delegate to any such person so appointed such power and authority as it deems reasonable and proper for the effective administration of this Act, and may, in its discretion, bond any person handling moneys or signing checks hereunder."

Honorable Adam R. Johnson, Page 3 (O-1752)
Honorable Orville S. Carpenter


When a civil service commission is provided for by statute, it takes over certain powers that were formerly vested in the administrative head or appointing power of the Government. The Legislature takes the power to appoint employees or remove them and places this function in the hands of an impartial body. It transfers from one head to another certain administrative powers; and, in creating civil service commissions, the Legislature transfers the employment bureau of the Government to a new body. Herman J. Friedman, 25 Harvard Law Review 712.

Under the related facts, the creation of a civil service or merit system of personnel administration by mutual agreement between two separate appointing powers is not permissible in the absence of statutory enactment.

The selection and appointing power of each agency has been provided for in the statutes quoted and where the Legislature delegating a power directs the manner of its exercise, that method is exclusive of all others. 39 T. J. 68; Wichita Electric Co. v. Hinckley, 131 S. W. 1192.

Since the ultimate appointee is a public officer and so an "agent or servant of the sovereign people of the State", he must "derive his authority either by election by the people or appointment by that tribune to whom the people have confided the power of appointment." State v. Washburn, Sup. Ct. of Missouri, 67 S. W. 592.

The duty of investigating and determining as to the qualifications of applicants for public position is placed on the appointing power. When the Legislature has placed the authority of making appointments upon officers and boards, and vests them withna discretion and judgment to determine who is best qualified to serve the public, the courts cannot supervise the exercise of such authority, nor control the discretion and judgment so vested. An appointment consists in the choice by the appointing power of the person appointed, and involves the exercise of discretion. While the appointing power may listen to the recommendation or advice of others . . . yet the selection must finally be the act of the appointing power. 12 C. J. 897; Dever v. Humphrey, Sup. Ct. of Kansas, 75 Pacific 1037; 45 C. J. 952.

The creation of such a board by the agencies named would amount to an exercise of legislative power, a prerogative reserved to the legislative body, of this state by our Texas Constitution, Article III, Section 1.

Trusting that this will answer your inquiry, we are

Yours very truly

APPROVED DEC 9, 1939

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS
HJ:RS:LM

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN

ATTORNEY GENERAL OF TEXAS

By /s/ Hirschie Johnson
Hirschie Johnson
Assistant